the commissioners were bound by the condemnation map and were without power to determine its correctness and fix a valuation upon the property upon the theory that the claimants had access to the lake or that the parcels acquired included any portion of the cottage. We also agree that the award made by the commissioners, based upon the correct theory of claimants' non-access to the lake, is grossly excessive. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of ROSE EDITH DES ANGES HAWKINS, Administratrix c. t. a. of HENRY L. DES ANGES, Deceased. EUGENE M. HAWKINS, as Administrator c. t. a., d. b. n., etc., Appellant; MARY D. DES ANGES, and DAVID J. WAGNER as Special Guardian of EDITH HAWKINS, an Infant, etc., Respondents.— Decree of the Surrogate's Court of Queens county, in so far as appealed from, unanimously affirmed, with costs to respondent Mary D. Des Anges, payable out of the estate. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

In the Matter of the Application of THE GREATER CITY SURETY AND INDEMNITY CORPORATION, Respondent, for a Peremptory Order of Mandamus against CHARLES W. BERRY, Comptroller of the City of New York, Appellant.— Peremptory mandamus order unanimously affirmed on the law and not in the exercise of discretion, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of EMIL R. SEIBERT, as Administrator, etc., of JOSEPHINE M. HOWELL, Deceased, Appellant, for a Discovery Order in the Estate of JOSEPHINE M. HOWELL, Deceased; THOMAS J. SULLIVAN, as General Guardian of HAROLD HOWELL, and Others, Infants, etc., and Others, Respondents.— Decree of the Surrogate's Court of Queens county unanimously affirmed, with costs to the respondents' special guardian, payable by appellant personally. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of CHARLES W. OSBORN, Appellant, for the Removal of THE CITIZENS TRUST COMPANY OF PATCHOGUE, as Trustee under an Agreement Dated January 24, 1928, Respondent, and for a Judicial Settlement of the Account of Such Trustee, and for the Appointment of a Successor Trustee under the Terms of Said Agreement. (Appeal No. 1.) — Order denying appellant's application for removal of the respondent trust company reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of directing a reference to an official referee to take testimony upon the issues involved and report to the court with his opinion thereon. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

In the Matter of the Application of CHARLES W. OSBORN, Appellant, for the Removal of THE CITIZENS TRUST COMPANY OF PATCHOGUE, as Trustee under an Agreement Dated January 24, 1928, Respondent, and for a Judicial Settlement of the Account of Such Trustee, and for the Appointment of a Successor Trustee under the Terms of Said Agreement. (Appeal No. 2.) — Appeal from order denying motion for resettlement of the order entered on April 13, 1932, dismissed, without costs. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MINNIE KIRKEL, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment reversed on the law and the facts and complaint dismissed, with costs. The notice of intention to commence the action served upon the corporation counsel,